# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| | |
|---|---|
| United States of America, ) | |
| ) | Criminal Action No. 6:11-cr-02302-2-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Kasondra Cannon, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

This matter is before the court on Defendant Kasondra Cannon's ("Cannon") Motion to Sever [Dkt. No. 111]. For the following reasons, the court denies Cannon's motion.

On November 15, 2011, Cannon was indicted, along with her husband, by a Federal Grand Jury on one count of conspiracy to possess with the intent to distribute in excess of five (5) kilograms of cocaine and one count of participating in a conspiracy to launder the proceeds of drug sales. Cannon filed this Motion to Sever on January 17, 2012,[1] seeking to have her case severed from her husband's case. The Government filed a response opposing Cannon's motion [Dkt. No. 115].

Federal Rule of Criminal Procedure 8(b) allows defendants to be charged in the same indictment where "they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b). Generally, defendants who are indicted together should be tried together because it aids in judicial efficiency and "serve[s] the interests of justice by avoiding the . . . inequity of inconsistent verdicts." *United*

---

[1] Although Cannon filed this motion in January 2012 and the Government responded shortly thereafter, Cannon did not formally request a trial in this matter until her pre-trial conference on October 10, 2012. Additionally, Cannon's first appointed counsel was suspended from the practice of law and the court allowed time for new counsel to become familiar with the voluminous discovery in this case prior to the court proceeding with the pre-trial conference and ruling on the instant motion.

1

*States v. Dinkins,* 691 F.3d 358, 368 (4th Cir. 2012) (internal citations and quotation marks omitted). "Joinder is highly favored in conspiracy cases, over and above the general disposition supporting joinder for reasons of efficiency and judicial economy." *United States v. Dinkins,* 691 F.3d 358, 368 (4th Cir. 2012) (quoting *United States v. Tedder*, 801 F.2d 1437, 1450 (4th Cir. 1986)).

A court may allow co-defendants to be tried separately where "joinder of offenses or defendants 'appears to prejudice' any party." *Id.* (quoting Fed. R. Crim. P. 14). However, where co-defendants are appropriately joined in an indictment under Rule 8(b), courts rarely grant severance under Rule 14. *Id.* "[S]everance generally is granted only when 'there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence.'" *Id.* (citing *Zafiro v. United States*, 506 U.S. 534, 539 (1993)).

A defendant seeking a severance has a high burden and must "establish that actual prejudice would result from a joint trial . . . not merely that a separate trial would offer a better chance of acquittal." *United States v. Reavis*, 48 F.3d 763, 767 (4th Cir. 1995) (internal citations and quotation marks omitted). Additionally, [a] defendant is not entitled to severance merely . . . because the evidence against one defendant is not as strong as that against the other." *United States v. Strickland*, 245 F.3d 368, 384 (4th Cir. 2001).

Cannon first argues that her case should be severed from her husband's case to preserve her right to a speedy trial. This argument is premised on the fact that Cannon was previously held in pre-trial detention and her contention that she endured stress and anxiety due to her inability to care for her ill son. Cannon has now been released on bond. Therefore, her complaints concerning the stress and anxiety of pre-trial detention and the inability to care for her son are largely moot.

Cannon further argues that joinder of her case with that of her husband's for trial will prejudice her ability to have a fair trial. Cannon asserts that there is a great disparity in the amount of evidence against her and her husband. Particularly, she contends that the Government has a "mountain of evidence against him" and "molehill of evidence against her." Cannon merely suggests that the evidence against her husband is stronger than the evidence against her, and she has not demonstrated that any actual prejudice would result from a joint trial. Therefore, Cannon has failed to provide the court with any basis upon which it should stray from the court's general preference for a joint trial of alleged co-conspirators indicted together.

Accordingly, the court **DENIES** Cannon's Motion to Sever [Dkt. No. 111].

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

October 19, 2012
Greenville, South Carolina