# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| | |
|---|---|
| United States of America, ) | |
| ) | |
| Plaintiff, ) | Criminal Action No. 6:11-cr-02302-JMC-2 |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| Kasondra Cannon, ) | |
| Defendant. ) | |
| _____) | |

This matter is before the court upon Kasondra Cannon's Motion to Suppress Statements [Dkt. No. 273] pursuant to Rule 12(b)(3) of the Federal Rules of Criminal Procedure. For the reasons stated below, the court denies the motion.

## Factual/Procedural Background

Kasondra Cannon was indicted on November 15, 2011, by a Federal Grand Jury on one count of conspiracy to possess with intent to distribute in excess of five (5) kilograms of cocaine and one count of participating in a conspiracy to launder the proceeds of drug sales. She and codefendant John Cannon were arrested on November 29, 2011, at their residence in Lithonia, Georgia.

John Cannon filed motions to suppress all statements made by him at the time of his arrest. *See* Motion to Suppress Statements [Dkt. No. 144]; Supplemental Motion to Suppress Statements [Dkt. No. 238]. In his motions, John Cannon alleged that the federal agents who effectuated the arrest and executed the warrants violated his Fifth Amendment rights when they continued to question him after he invoked his right to counsel. This court held a hearing on October 10, 2012, at which John Cannon called

1

Kasondra Cannon as a witness to the events of November 29.[1]

Kasondra Cannon's testimony supported John Cannon's claim of a Fifth Amendment violation. She testified that officers entered her residence and placed Cannon, her, and their son under arrest. Thereafter, they were handcuffed and escorted to the living room where a tall uniformed officer administered the *Miranda* warnings to the Cannons as a group. Kasondra Cannon then attested that her husband requested to speak to his attorney but was told by Special Agent Farid "Jay" Rajaee that he would not be able to use his requested attorney. Kasondra Cannon also testified that Agent Rajaee questioned her after she exercised her Miranda rights. Specifically, she testified that Agent Rajaee questioned her ability to afford such a nice home. Kasondra Cannon responded by indicating that she worked as a real estate agent and operated a hair salon from her home. She then testified that she inquired of Agent Rajaee about her right to speak with an attorney, at which point Agent Rajaee ceased further questioning. Kasondra Cannon has not expressly sought to suppress the statements she made to Agent Rajaee on November 29, 2011.

In addition to her testimony about the events of November 29, 2011, Kasondra Cannon also recalled that she had initially mistaken the agents for burglars and that she retrieved her gun when she heard the commotion outside of her house. On cross-examination, the Assistant United States Attorney sought additional information about

---

[1] Kasondra Cannon made an oral motion at the hearing requesting to join in all evidentiary motions made by John Cannon, which the government acknowledged to the extent Kasondra Cannon had standing to assert such motions. However, at the hearing, Kasondra Cannon testified as a witness on behalf of John Cannon's claim that his constitutional rights had been violated. She did not seek the suppression of any of her statements resulting from her arrest in contrast to John Cannon who sought the suppression of his specific statements concerning their home and his statements in response to questions concerning items found during the execution of the search warrant.

2

Kasondra Cannon's gun. This resulted in Kasondra Cannon testifying 1) that two of the three guns seized at the Cannon's home belonged to her; 2) that she knew that her husband was a felon; and 3) that she knew her husband was previously incarcerated on drug charges. After John Cannon's suppression hearing on October 10, 2012, Kasondra Cannon moved to have these statements suppressed seeking to prevent them from being used at trial on the issue of guilt on the grounds that such statements violated her Fourth Amendment right to be free from unreasonable search and seizure[2] and that such statements violated her Fifth Amendment privilege against self-incrimination and coerced testimony.

Three days after John Cannon's suppression hearing on October 10, 2012, the government brought a multi-count indictment against the Cannons for conspiracy to use and possess a firearm in furtherance of a drug trafficking crime and the use and possession of a firearm in furtherance of a drug trafficking crime. [Dkt. No. 2 in 6:12-cr-00861]. The court consolidated the two indictments on November 19, 2012. [Dkt. No. 283 in 6:11-cr-02302; Dkt. No. 12 in 6:12-cr-00861].

**Discussion**

The Fifth Amendment states that no person "shall be compelled in any criminal case to be a witness against himself." U.S. Const. amend. V. However, the Fifth Amendment's prohibition against compelled self-incrimination "does not preclude a witness from testifying voluntarily in matters which may incriminate him." *United States*

---

[2] The court interprets the reference to the Fourth Amendment as a way of invoking the exclusionary rule, which allows for the suppression of evidence obtained in violation of the Constitution. *See Mapp v. Ohio* 367 U.S. 643 (1961) (discussing the theoretical basis for the exclusionary rule as being found in the Fourth and Fifth Amendments to the Constitution).

*v. Monia*, 317 U.S. 424, 427 (1943); *see also United States v. Washington*, 431 U.S. 181, 186 (1977) ("[I]t is also axiomatic that the Amendment does not automatically preclude self-incrimination, whether spontaneous or in response to questions put by government officials.")  Furthermore, "[a]bsent some officially coerced self-accusation, the Fifth Amendment privilege is not violated by even the most damning admissions." *Washington*, 431 U.S. at 187.  Compulsion exists when, "considering the totality of the circumstances, the free will of the witness was overborne."  *Id.* at 188.

As a preliminary matter, the government correctly argues that Kasondra Cannon was not compelled by the government to testify at the suppression hearing.  It was John Cannon, not the government, who called Kasondra Cannon to testify on his behalf about the events surrounding the arrest on November 29, 2011, and she voluntarily took the stand.  Additionally, it was Kasondra Cannon who testified on direct examination about the existence of guns in the house when she was describing the events of November 29, 2011.  Her testimony "opened the door" to allow the government to cross-examine her on this issue.  These facts demonstrate that the government did not compel Kasondra Cannon to testify. As a result, she cannot claim that her Fifth Amendment right was violated.

Kasondra Cannon argues that the United States Supreme Court's decision in *Simmons v. United States,* 390 U.S. 377, 394 (1968) is applicable in this case.  In *Simmons*, a defendant arrested for bank robbery sought to suppress evidence – a suitcase that contained items used in the robbery – on the grounds that the search that produced the evidence was unlawful.  *Id.* at 380.  In order to establish standing to challenge the search, the defendant was required to show a possessory interest in the seized item.  *Id.* at

4

391. The court found that requiring the defendant to claim ownership of the suitcase created an "undeniable tension" in which the defendant "was obliged either to give up what he believed, with advice of counsel, to be a valid Fourth Amendment claim or, in legal effect, to waive his Fifth Amendment privilege against self-incrimination." Accordingly, the court held "that when a defendant testifies in support of a motion to suppress evidence on Fourth Amendment grounds, his testimony may not thereafter be admitted against him at trial on the issue of guilt unless he makes no objection." *Id.* at 394.

Kasondra Cannon's case is distinguishable from the situation in *Simmons*. Here, Kasondra Cannon testified as a witness in her husband's suppression hearing, not as a defendant in her own suppression hearing. Notwithstanding Kasondra Cannon's oral motion at the hearing requesting to join in all evidentiary motions made by John Cannon, she did not take the stand to assert that the government had violated her constitutional rights or to seek the suppression of her statements made on the day of arrest. As a result, unlike the defendant in *Simmons*, Kasondra Cannon was not required to choose between asserting a Fourth Amendment claim and surrendering a Fifth Amendment claim or vice versa, because she brought no Fourth Amendment claim in the first instance.

For the foregoing reasons, the court **DENIES** Kasondra Cannon's Motion to Suppress Statements [Dkt. No. 273].

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

November 28, 2012
Greenville, South Carolina